# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY,<br><br>    Plaintiff,<br><br> v.<br><br>PATEL, et al.,<br><br>    Defendants. | **Case No. 1:16-cv-01422-SKO (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT MEDICAL CLAIMS AGAINST DEFENDANTS PATEL, DILEO, MORALES, JOSE, AND SANDOVAL**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## INTRODUCTION

### A. Background

Plaintiff, Perry Talley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has stated cognizable claims under the Eighth Amendment against some of the defendants and may be able to correct the deficiencies in his pleading on other claims. Thus, he may either file a first amended complaint correcting the deficiencies or advise the Court that he is willing to proceed only on the claims found cognizable herein.

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.    Summary of the Complaint**

Plaintiff complains of acts that occurred while he was housed at Kern Valley State Prison ("KVSP"). Plaintiff names Dr. Ismail Patel, Dr. L. Dileo, CEO T. Kubicki, Warden Martin Biter, Deputy Director J. Lewis, Correctional Officer M. Morales, Sergeant Jose, and Lieutenant C. Sandoval as defendants in this action. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that in March of 2010, while housed at the R.J. Donovan Correctional Facility, he was seen by a podiatrist who issued him a permanent chrono for orthopedic shoes and shoe inserts. (Doc. 1, pp. 7-8, 11.) On April 22, 2010, Plaintiff was transferred to KVSP. (*Id.*, p. 8.) Plaintiff alleges that on August 10, 2010, Dr. Patel signed a chrono agreeing that Plaintiff needed orthopedic shoes and inserts at KVSP. (*Id.*, p. 11.)

On September 30, 2014, Plaintiff was walking across the yard on his way to an appointment at the medical clinic when C/O Morales stopped Plaintiff and asked if he had a chrono for the orthopedic shoes he was wearing. (*Id.*, pp. 8-9.) When Plaintiff showed C/O Morales his chrono, C/O Morales became aggressive and belligerent and ordered Plaintiff to remove his shoes. (*Id.*) Plaintiff began having severe chest pains, fell to the ground, and asked C/O Morales if he could go to the medical clinic because he thought he was having a heart attack. (*Id.*, p. 9.) C/O Morales denied Plaintiff's request. (*Id.*) Sgt. Jose and Lt. C. Sandoval walked up while Plaintiff was on the ground and agreed with C/O Morales, even though Plaintiff showed them his chrono. (*Id.*) They then forcibly removed Plaintiff's shoes while he lay on the ground in excruciating pain. (*Id.*, p. 10.) Medical personnel were summoned with a wheelchair and took Plaintiff to the medical clinic. (*Id.*) Plaintiff was having a heart attack. (*Id*) C/O Morales thereafter wrote Plaintiff up for delaying an officer and fabricating chest pains. (*Id.*, p. 10.) Plaintiff was found guilty even though it was stipulated at the disciplinary hearing "that the medical doctor would have testified that Plaintiff suffered from a heart attack." (*Id.*)

Dr. Patel refused to direct correctional staff to return Plaintiff's orthopedic shoes and inserts. (*Id.*, p. 11.) Plaintiff filed a health care appeal to obtain them. (*Id.*) Dr. Dileo denied it at the first level; CEO Kubicki denied it at the second level; and Dep. Dir. Lewis denied it at the third level. (*Id.*, pp. 11, 12.)

Plaintiff's allegations state a cognizable claim under the Eighth Amendment against C/O Morales, Sgt. Jose, Lt. Sandoval, Dr. Patel and Dr. Dileo on which he should be allowed to proceed. However, as discussed in greater detail below, he fails to state any other cognizable claims against the other named defendant, but is granted opportunity to amend as he may be able to cure some of the defects in his pleading.

**D.     Pleading Requirements**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain

3

statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences,

*Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Though Plaintiff named Warden Biter as a Defendant, he fails to link Warden Biter to any of his factual allegations. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding *pro se*

in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## **DISCUSSION**

**A.     Plaintiff's Claims**

**1.     Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's foot condition for which a podiatrist issued a permanent medical chrono for orthopedic shoes and inserts in 2010 is accepted as serious medical needs.

Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." *Estelle*, 429 U.S. at 104-05. The Ninth Circuit

has further found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders) *overruled in part on other grounds by Saucier v Katz*, 566 U.S. 194 (2001); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curium) (reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); *Tolbert v. Eyman*, 434 F.2d 625 (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine, which was required to prevent serious harm to his health, that had been previously prescribed by a physician).

Plaintiff alleges that C/O Morales, Sgt. Jose, and Lt. Sandoval removed Plaintiff's orthopedic shoes and inserts, even though Plaintiff showed them his medical chrono. Plaintiff also alleges that they forcibly removed his shoes while Plaintiff was writhing on the ground in excruciating chest pain, telling them he thought he was having a heart attack. This states a cognizable claim for deliberate indifference to his serious medical needs against C/O Morales, Sgt. Jose, and Lt. Sandoval.

Plaintiff also alleges that Dr. Patel and Dr. Dileo knew that Plaintiff had a permanent chrono for orthopedic shoes and inserts from a podiatrist (which Dr. Patel validated on Plaintiff's arrival at KVSP). Dr. Patel, however, refused to direct correctional staff to return Plaintiff's orthopedic shoes and inserts and Dr. Dileo denied Plaintiff's health care appeal at the first level on this issue. This suffices to state a cognizable claim as it shows that Dr. Patel and Dr. Dileo ignored Plaintiff's specialist's medical advice on the basis of less-specialized medical knowledge. *See Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a plaintiff's medical needs), overruled on other grounds by *Peralta*, 744 F.3d 1076; *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) ("[A]llegations that a prison official has ignored the instructions of a

prisoner's treating physician are sufficient to state a claim for deliberate indifference.").

### 2. Health Care Appeals

Plaintiff's only allegations against CEO Kubicki and Dep. Dir. J. Lewis are based on their denial of his health care appeal at the second and final levels.

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to prove the elements of a constitutional violation purely for the processing and/or reviewing of his inmate appeals. However, Plaintiff may be able to prove the elements for a claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals if they had medical training and the authority to intercede and/or to take corrective action. If Plaintiff meets his burden of proof as to the elements of a claim against a defendant for deliberate indifference to his serious medical needs, he will likely also be able to meet his burden of proof as to the elements of a claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue.

At least one Appellate Circuit has held that "[o]nce a [non-medical] prison grievance examiner becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." *Greeno*, 414 F.3d at 656 citing *Spruill v. Gillis*, 372

F.3d 218, 236 (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") This Court concurs with the analysis in *Greeno* and *Spruill*. Non-medical prison personnel, and lower medical staff such as nurses and/or medical technicians, cannot be held liable for their involvement in processing and/or ruling on inmate appeals for medical issues where the inmate is under the care of a physician for the issues raised.

Plaintiff's allegations show no basis to find that CEO Kubicki and Dep. Dir. Lewis have any medical training, or are part of the medical staff at KVSP. Their failure to overrule the prison's physicians and grant Plaintiff access to his orthopedic shoes and inserts is thus not cognizable.

### 3. Supervisory Liability

Plaintiff appears to seek liability for Warden Biter merely because he holds a supervisory position at KVSP. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot

be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Further, "discrete wrongs – for instance, beatings – by lower level Government actors . . . if true and if condoned by [supervisors] could be the basis for some inference of wrongful intent on [the supervisor's] part." *Iqbal*, 556 U.S. at 683. The Ninth Circuit has held that, where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based on the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011). A fundamental premise of this form of liability requires that the actions or inaction by subordinate staff amount to a cognizable claim for violation of a plaintiff's constitutional rights and that the supervisorial defendant had knowledge of such conduct.

As stated above, Plaintiff fails to link Warden Biter to any of his factual allegations. Plaintiff has not alleged any facts indicating that Warden Biter knew of the medical violations and failed to act to prevent them or promulgated or implemented a policy so deficient that the policy itself violated his rights. Even if Warden Biter were involved in reviewing Plaintiff's health care appeal it would not be cognizable since, as discussed previously, the warden would be entitled to rely on the medical personnel attending to Plaintiff.

### 4. Injunctive Relief

Plaintiff seeks injunctive relief via an order compelling that his orthopedic shoes and inserts be returned to him, that he receive new orthopedic shoes, and that an order issue stopping correctional officers from taking his orthopedic shoes and inserts. (Doc. 1, p. 15.)

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493-94, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States,* 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff "must show that

he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493 (citation and quotation marks omitted); *Mayfield*, 599 F.3d at 969.

The medical care claims which Plaintiff alleges arise from events which occurred at PVSP. Plaintiff is currently housed at the California State Prison in Corcoran, California ("CSP-Cor"). Accordingly, Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at CSP-Cor. To the extent his complaint seeks relief to remedy his conditions of confinement for the time he was at KVSP, it was also rendered moot on his transfer to CSP-Cor. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

## **CONCLUSION**

Plaintiff is given the choice to file a first amended complaint, or to proceed on the claim found cognizable against C/O M. Morales, Sgt. Jose, Lt. C. Sandoval, Dr. Ismail Patel, and Dr. Dileo for deliberate indifference to her serious medical needs in violation of the Eighth Amendment, dismissing all other claims and Defendants. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a first amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167

11

(9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:
   a. file a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. notify the Court in writing that she does not wish to file a first amended complaint and wishes to proceed only on the claim identified by the Court as viable/cognizable in this order; and

//
//
//

12

4. **If Plaintiff fails to comply with this order, it will be recommended that this action proceed only on the claim found cognizable herein and that all other claims and Defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **May 29, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE