# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY,<br><br>                Plaintiff,<br><br>   v.<br><br>PATEL, et al.,<br><br>                Defendants. | **Case No. 1:16-cv-01422-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION REGARDING HIS INMATE TRUST ACCOUNT FOR LACK OF JURISDICTION**<br><br>**(Doc. 12)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Perry Talley, is a state prisoner proceeding *pro se* and *informa pauperis* in this civil action pursuant to 42 U.S.C. § 1983. On July 7, 2017, Plaintiff filed a motion seeking an order to prohibit the California Department of Corrections and Rehabilitation from overcharging him and to pay back monies wrongly taken from his inmate trust account. (Doc. 12.) Plaintiff's motion is construed as a motion for injunctive relief.

      Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which

1

requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Further, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants against whom he proceeds in this action. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the "CDCR" whom Plaintiff states should stop making withdrawals from his trust account and must repay monies Plaintiff believes were wrongly withdrawn.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his rights are being violated beyond the pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief sought in the proper forum. However, Plaintiff's accusations that monies are being wrongfully and excessively withdrawn from his trust account to pay this Court cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for Plaintiff's requested relief.[1]

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). It is, however, unnecessary to reach the merits of Plaintiff's motions in light of the jurisdictional bar to his requested relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

2

Further, the Court's financial records correspond with the supervisor's statement in the documents Plaintiff submitted in that, as of July 12, 2017, the Court has received payments totaling $297.77 toward his filing fee in this action. Given Plaintiff's confusion regarding this issue and the lack of clarity of the "Inmate Obligation History" submitted by Plaintiff, the Litigation Office is requested to look into the matter and explain the various entries on that print-out to Plaintiff.[2]

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's motion regarding his trust account, filed July 7, 2017, be denied for lack of jurisdiction. The Clerk's Office is directed to forward a copy of this order and Plaintiff's motion to the Litigation Coordinator at California State Prison, Los Angeles, to assist with explaining the withdrawals from his trust account to Plaintiff. The Clerk of the Court is further directed to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2017**         /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE

---

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.