# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>PATEL, et al.,<br><br>        Defendants. | 1:16-cv-01422-AWI-SKO (PC)<br><br>**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL**<br><br>(Docs. 27, 29)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

### I. Background

On January 22, 2018, Plaintiff filed a motion to compel further interrogatory responses from Defendants Patel and Morales. (Doc. 27.) Defendants filed their opposition on January 31, 2018. (Doc. 28.) On March 5, 2018, Plaintiff filed a duplicate copy of his January 22, 2018 motion to compel, and attached a copy of Defendants' January 31, 2018 opposition, as well as two additional sets of admissions he had served on Defendants. (Doc. 29.) Defendants filed their opposition to Plaintiff's second motion to compel on March 9, 2018. (Doc. 30.) The motions are deemed submitted. L.R. 230(*l*).

### II. Plaintiff's Motions to Compel Discovery

Parties are entitled to seek discovery of any non-privileged matter that is relevant to any claim and/or defense in the action. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* This defines the scope of discovery in federal civil litigation in general. The party responding to discovery requests shall use common sense and

1

reason. *E.g.*, *Collins v. Wal-Mart Stores, Inc.,* No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). Hyper-technical, quibbling, or evasive objections are not viewed with favor. The responding party has a duty to supplement any previously provided responses if the information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P. 26(e). The Discovery and Scheduling Order limits the parties to 25 interrogatories as permitted by Federal Rule of Civil Procedure 33; 25 requests for admission according to Federal Rule of Civil Procedure 36; and 25 requests for production according to Federal Rule of Civil Procedure 34. (Doc. 24.)

Parties may propound written interrogatories (questions) on other parties in an action, inquiring to any matter within the parameters of Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Failure to timely serve responses waives objections to the interrogatories. Fed. R. Civ. P. 33(b)(4).

Federal Rule of Civil Procedure 36 empowers a party to serve on any other party a request to admit the truth of facts, the application of law to fact, or opinions about either and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1)(A), (B). A matter is deemed admitted "unless, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). The grounds for any objection must be stated. Fed. R. Civ. P. 36(a)(5).

In their opposition, Defendants contend that Plaintiff's motion should be denied because he did not meet and confer with defense counsel before filing his motions. (*See* Docs. 28, 30.)

2

Although encouraged, compliance with Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37, including efforts to meet and confer with opposing parties before filing a motion to compel action, is not required in this action. (Doc. 24, p. 2.)

Defendants also argue the merits of their responses to Plaintiff's discovery requests, relying mainly on Plaintiff's procedural error of propounding interrogatories in discovery sets titled as requests for admissions. (*See* Docs. 28, 30.) Although Plaintiff titled his discovery as sets "of admission," the vast majority of his discovery requests are actually interrogatories, interspersed with a few admissions. Perhaps because of Plaintiff's lack of knowledge of legal proceedings,[1] he was unaware that the standard discovery practice is to serve different discovery requests (i.e. interrogatories, requests for admission, requests for production) as separate, distinct sets of discovery. For example, a set of requests for admissions should only contain requests for an opposing party to admit the truth of matters. Narrative style responses to questions should be propounded in a separate set of interrogatories. Plaintiff's novice error of combining interrogatories and requests for admissions in a document titled as the latter is not so great an error to excuse Defendants from providing responses.

Although Plaintiff's discovery requests contain technical flaws, defense counsel's technical objections are not well taken. Defendants could have, and should have, responded to Plaintiff's inquiries which should have been propounded as interrogatories by stating their objection as to form, construing the inquiry as an interrogatory rather than a request for admission, and without waiving any objections, providing responsive information. Defendants need not provide further responses to Plaintiff's discovery requests to which they have previously provided substantive responses, but they must do so for all of Plaintiff's requests to which they previously did not respond based on the form of the request.[2]

//

//

---

[1] This is the only civil action that Plaintiff appears to have filed.

[2] The Court notes that a number of Plaintiff's discovery requests are repeated in different sets of his requests. (*Compare* Doc. 29, pp. 38-39, Nos. 1-12, 16, 17, 20; Doc. 27, pp. 2-3, Nos. 1-25; Doc. 39, pp. 3-4, Nos. 1-25; *compare also* Doc. 27, 1-12, 16, 17, 20; Doc. 29, pp. 6-7, Nos. 1-25; Doc. 29, pp. 35-36, Nos. 1-25.) Defendants need only respond to each of Plaintiff's discovery requests once, and need not respond to any of Plaintiff's duplicative discovery request.

3

As to Plaintiff's discovery requests to which Defendants have already provided substantive responses,[3] Plaintiff has not met his burden as the moving party. Plaintiff's mere assertion that "both defendants (sic) answers was (sic) vague" is inadequate. Plaintiff does not demonstrate why the information sought in his interrogatories is relevant, why the responses provided are deficient, and why any objections are not justified. Thus, Plaintiff is not entitled to compel further responses from Defendants as to those discovery requests for which Defendants have provided substantive responses.

### III. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

(1) Plaintiff's motions to compel, filed on January 22, 2018, (Doc. 27), and March 5, 2018, (Doc. 29) are granted as to all of Plaintiff's discovery requests to which Defendants simply objected and have not provided any substantive responses, and are denied as to all of Plaintiff's discovery requests to which Defendants have provided substantive responses;

(2) Defendants **SHALL** serve all responses required by this order on Plaintiff, **within twenty-one (21) days** of the date of service of this order;

(3) The discovery cut-off deadline is extended to July 15, 2018, solely for the purpose of allowing Defendants to serve responses as delineated herein and for any further motion to compel which Plaintiff may feel is required. Neither side may propound any new discovery in this matter;

(4) The dispositive motion deadline is extended to September 15, 2018; and

(5) All other requirements and provisions of the October 11, 2017 Discovery and Scheduling Order, (Doc. 24), remain in effect.

IT IS SO ORDERED.

---

[3] The Court is unable to create a list of Plaintiff's discovery requests to which Defendants provided substantive responses since neither side submitted full copies of Plaintiff's propounded discovery and Defendants' responses thereto.

Dated: **April 25, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE