# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY TALLEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ISMAIL PATEL, et al.,<br><br>　　　　Defendants. | **Case No. 1:16-cv-01422-AWI-SKO (PC)**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMMARY JUDGMENT**<br><br>**(Doc. 32)**<br><br>**OBJECTIONS DUE WITHIN 21 DAYS** |

## **INTRODUCTION**

Plaintiff, Perry Talley, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims are for violation of his rights under the Eighth Amendment against Defendants Dr. Patel, Officer Morales, Sergeant Jose, Lieutenant Sandoval, and Dr. Dileo for alleged deliberate indifference to Plaintiff's serious medical needs.

Defendants filed a motion for summary judgment on May 22, 2018, seeking judgment on the merits of Plaintiff's claims and on the ground of qualified immunity. (Doc. 39.) Plaintiff filed his opposition on June 21, 2018.[1] (Doc. 38.) Defendants filed their reply on June 28, 2018. (Doc. 39. The motion is deemed submitted. L.R. 230(*l*). For the reasons discussed below, the Court finds that Defendants are entitled to summary judgment and recommends that their motion be GRANTED.

---

[1] Plaintiff was provided timely notice of the requirements for opposing a motion for summary judgment both by Defendants and by the court in an order filed on May 22, 2018. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

1

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp.*

*Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## **FINDINGS**

### A. **Plaintiff's Claims**

Plaintiff proceeds on allegations that in March of 2010, while housed at the R.J. Donovan Correctional Facility ("RJD"), he was seen by a podiatrist who issued him a permanent chrono for orthopedic shoes and shoe inserts. (Doc. 1, pp. 7-8, 11.) On April 22, 2010, Plaintiff was transferred to Kern Valley State Prison ("KVSP"). (*Id.*, p. 8.) Plaintiff alleges that on August 10, 2010, Dr. Patel signed a chrono agreeing that Plaintiff needed orthopedic shoes and inserts at

3

KVSP. (*Id.*, p. 11.)

On September 30, 2014, Plaintiff was walking across the yard on his way to an appointment at the medical clinic when C/O Morales allegedly stopped Plaintiff and asked if he had a chrono for the orthopedic shoes he was wearing. (*Id.*, pp. 8-9.) When Plaintiff showed C/O Morales his chrono, C/O Morales allegedly became aggressive and belligerent and ordered Plaintiff to remove his shoes. (*Id.*) Plaintiff began having severe chest pains, fell to the ground, and asked C/O Morales if he could go to the medical clinic because he thought he was having a heart attack. (*Id.*, p. 9.) C/O Morales denied Plaintiff's request. (*Id.*) Sgt. Jose and Lt. C. Sandoval walked up while Plaintiff was on the ground and agreed with C/O Morales, despite Plaintiff showing them his chrono. (*Id.*) The three of them then forcibly removed Plaintiff's shoes while Plaintiff lay on the ground in excruciating pain. (*Id.*, p. 10.) Medical personnel were summoned and took Plaintiff to the medical clinic in a wheelchair. (*Id.*) Plaintiff was having a heart attack. (*Id.*)

C/O Morales then allegedly wrote Plaintiff up for delaying an officer and fabricating chest pains. (*Id.*, p. 10.) Plaintiff was found guilty even though it was stipulated at the disciplinary hearing "that the medical doctor would have testified that Plaintiff suffered from a heart attack." (*Id.*) Dr. Patel allegedly refused to direct correctional staff to return Plaintiff's orthopedic shoes and inserts. (*Id.*, p. 11.) Plaintiff filed a health care appeal to obtain them. (*Id.*) Dr. Dileo denied Plaintiff's request at the first level; CEO Kubicki denied it at the second level; and Dep. Dir. Lewis denied it at the third level. (*Id.*, pp. 11, 12.)

These allegations were found to state a cognizable claim under the Eighth Amendment against C/O Morales, Sgt. Jose, Lt. Sandoval, Dr. Patel, and Dr. Dileo on which Plaintiff chose to proceed. (*See* Docs. 10, 11, 13.)

**B.** **Legal Standard Under the Eighth Amendment**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*,

439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from

which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

### C. Defendants' Motion[2]

Defendants contend that they were not deliberately indifferent to Plaintiff's medical condition since Plaintiff did not have a chrono for orthopedic shoes and was not wearing orthopedic shoes on September 30, 2014. At Plaintiff's request, he received a chrono for medically-appropriate orthopedic shoes only three days later. Defendants also contend they are entitled to qualified immunity.

#### 1. Defendants' Evidence

##### a. The Parties

Defendants' evidence shows that Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) who was housed at KVSP at all times relevant to the allegations in this case. (Defendants' Statement of Undisputed Facts (DUF) 1, 2.) Defendant Patel was a medical doctor at KVSP who treated Talley at KVSP. (DUF 3.) Defendant Dileo was also a medical doctor at KVSP. (DUF 4.) Defendants Sandoval, Jose, and Morales held correctional-staff positions at KVSP. (DUF 5-7.)

##### b. September 30, 2014

On September 30, 2014, Plaintiff was ducated for a medical appointment at the Facility B Medical Clinic. (DUF 8.) Despite being previously instructed not to wear personal shoes, when Plaintiff arrived at the gate to access the Medical Clinic, he was wearing personal, white athletic

---

[2] Disputes of fact shown by Plaintiff's evidence are delineated in the discussion of his opposition.

6

shoes. (DUF 9, 10.) Morales notified Plaintiff that he could not proceed to his medical appointment wearing his personal shoes. (DUF 13.)

Jose and Sandoval responded to a "man down" call, and sounded a Code 1 alarm, which requires nearby staff to respond. (DUF 15, 16.) Plaintiff did not show either Jose or Sandoval a document that would excuse his non-compliance with state-issued shoe policy. (DUF 17.) Plaintiff's personal shoes were therefore confiscated. (DUF 27.) When medical staff responded to Plaintiff's request for care, he indicated he was suffering from a heart attack. (DUF 18.) Plaintiff eventually permitted medical staff to evaluate him, but there are no records corroborating a heart attack, nor were Plaintiff's vitals indicative of someone under acute stress. (DUF 19.)

### c. Plaintiff's Shoe Chrono History

On March 21, 2014, Plaintiff received a chrono for state-issued "ortho shoes and orthotics," which expired on August 20, 2014. (DUF 20.) On October 2, 2014, Plaintiff received a chrono from Dr. Patel for state-issued "wide shoes" and "Spenco orthotics insole bilateral." (DUF 21.) These chronos were for medically-appropriate, state issued shoes which treated Plaintiff's various foot conditions. (DUF 22.) Plaintiff did not have a chrono for white New Balance shoes, or any orthopedic shoe option between August 20, 2014, and October 2, 2014. (DUF 23.) New Balance shoes are considered personal shoes, and are not compliant with institutional policy requiring state-issued clothing on the Medical Patio. (DUF 24.)

When Plaintiff requested a new chrono for orthopedic shoes on September 30, 2014, he received an updated chrono within three days. (DUF 25.) There are no records between September 30, 2014, and October 2, 2014, that would indicate Plaintiff was in pain as a result of the confiscation of his personal shoes and there is no medical basis to conclude that Plaintiff's non-orthopedic, non-therapeutic tennis shoes would have had any effect on the presence or absence of pain. (DUF 26.)

### 2. Officer Morales

Defendants correctly argue that institutional policy at KVSP requires inmates to wear state-issued clothing when accessing the Medical Patio at KVSP. (DUF 11.) Given Plaintiff's admission that he was not wearing state-issued shoes on September 30, 2014 (DUF 10), there is no

7

admissible evidence to establish that Officer Morales disregarded a serious medical need by confiscating non-medical footwear. Instead, Officer Morales required Plaintiff to comply with institutional policy before to permitting him to proceed with his appointment.

Additionally, Plaintiff cannot demonstrate that Morales was aware of a serious medical need. Plaintiff did not have an active chrono for orthopedic shoes between August 20, 2014, and October 2, 2014. (DUF 20, 21.) Therefore, there was no chrono or other mechanism that Plaintiff could have shown to Morales to indicate his New Balance shoes were state-issued to treat a serious medical need.

The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact on Plaintiff's claims against Morales. The burden therefore shifts to Plaintiff to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

### 3. Sergeant Jose and Lieutenant Sandoval

Defendants correctly contend that the undisputed facts reveal that Plaintiff was not wearing state-issued shoes as mandated by local policy. (DUF 10, 11.) Further, Plaintiff admits that he did not tell Jose or Sandoval on September 30, 2014, that his New Balance shoes were covered by a chrono or other CDCR document. (DUF 17.) Accordingly, there is nothing to suggest that Jose or Sandoval would have known that they needed to intervene on Plaintiff's behalf.

The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact on Plaintiff's claims against Jose and Sandoval. The burden therefore shifts to Plaintiff to establish a genuine issue of material fact. *Matsushita,* 475 U.S. at 586.

### 4. Dr. Patel

Defendants correctly contend that the facts show Plaintiff was not wearing orthopedic or state-issued shoes on September 30, 2014. (DUF 10.) The undisputed facts demonstrate that Plaintiff's chrono for orthopedic shoes expired on August 20, 2014. (DUF 20, 25.) Plaintiff received an updated chrono for "wide shoes" and "Spenco orthotics insole bilateral" on October 2, 2014. (DUF 21.) Once Plaintiff requested review of his foot treatment, Dr. Patel promptly

8

provided Plaintiff with a new chrono for orthopedic appliances. (DUF 25.) Further, Defendants are correct that Plaintiff is not proceeding on any claim based on the adequacy of Dr. Patel's foot-treatment plan for Plaintiff and any such claim is not supported by the evidence. *See Jackson*, 90 F.3d at 332. The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact on Plaintiff's claims against Dr. Patel. The burden therefore shifts to Plaintiff to establish a genuine issue of material fact. *Matsushita,* 475 U.S. at 586.

### 5. Dr. Dileo

Plaintiff's claim against Dr. Dileo is based on allegations that Plaintiff had a chrono for orthopedic shoes and inserts which were wrongly taken away by Officer Morales, and that Dr. Dileo denied Plaintiff's health care appeal at the first level to obtain them. (*See* Docs. 1, 10, 11, 13.) However, as Defendants correctly argue, Plaintiff received a chrono for orthopedic shoes pursuant to his September 30, 2014 visit with Dr. Patel. (DUF 25.) By the time Plaintiff's request was reviewed by Dr. Dileo, there was no need for further relief because Plaintiff had a chrono for orthopedic shoes in place. (*See* Compl. 13.) Thus, any claim for a serious medical need was being accommodated by KVSP by the time of Dr. Dileo's involvement. (*Id.*) Defendants also correctly contend that, even if Plaintiff disagrees with Dr. Dileo's assessment, Plaintiff cannot produce any admissible evidence to show that the orthopedic course of treatment taken was medically unacceptable under the circumstances. *Jackson*, 90 F.3d at 332.

The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact on Plaintiff's claims against Dr. Dileo. The burden therefore shifts to Plaintiff to establish a genuine issue of material fact. *Matsushita,* 475 U.S. at 586.

### 6. September 30, 2014 to October 2, 2014

Finally, Defendants correctly contend that an inmate cannot proceed on a claim based on delay in obtaining his preferred care without showing that the alleged delay led to further injury. *Trask v. Abanico,* No. CV-08-1695, 2011 WL 3515885 at *5 (N.D. Cal. 2011) (*citing Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2008)). Defendants also correctly this Court's case which found that a plaintiff with limited access to shoe inserts and shoes for inserts for months was insufficient to defeat summary judgment. *See Washington v. Fannon*, 2007 WL1725653 at *10

9

(E.D. Cal. 2007) (granting summary judgment on deliberate indifference claim despite plaintiff having limited access to shoes and inserts for months). Defendants likewise are correct that the facts in this case are less significant than those in *Washington*.

There are no records between September 30 and October 2 which indicate Plaintiff was in pain, or otherwise unable to perform his daily activities those days. (DUF 26.) Plaintiff's complaint is similarly devoid of allegations concerning unbearable pain or inability to function within this three-day timeframe. The Court finds that Defendants have met their burden to demonstrate the absence of a genuine issue of material fact on any claim by Plaintiff based on the lack of a chrono for orthopedic shoes from September 30, 2014, through October 2, 2014. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact exists on this issue. *Matsushita,* 475 U.S. at 586. Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

### D. Plaintiff's Opposition

Plaintiff essentially contends in his opposition that before the incident, a physician issued a permanent chrono for Plaintiff to wear orthopedic shoes. It appears that Plaintiff believes that chrono remained in effect at KVSP on September 30, 2014. Plaintiff contends he bought the New Balance shoes he was wearing on the date in question from an authorized orthopedic vendor instead of more expensive orthotic shoes. Plaintiff contends his New Balance shoes thus qualified as approved medical appliances which he was allowed to wear on the patio, and Morales wrongfully required their confiscation. Plaintiff contends that he complained via 602 of pain from being without his New Balance shoes from September 30, 2014, until a the new chrono issued on October 2, 2014. Finally, Plaintiff contends that, after Morales took his New Balance shoes, Plaintiff did not receive appropriate orthotic shoes for nine months thereafter. However, as discussed below, Plaintiff did not submit evidence to support these arguments and contentions.

//

### 1. Plaintiff Has Not Shown He Had a Medical Chrono on September 30, 2014, for Orthotic Shoes

Plaintiff submitted a medical consultation report from a podiatrist, Timothy Sill, DPM, dated February 4, 2014, which made recommendations for the referring prison physician, non-defendant Jonathan Akanno, MD. (Doc. 38, pp. 16-17.) The podiatrist recommended, among other things, that Plaintiff have a chrono update "to include Spenco orthotics and toe and foot pads on a permanent basis." (*Id.*) While Dr. Sill made this recommendation, he did not issue a permanent medical chrono for Plaintiff. Instead, on February 21, 2012, and March 13, 2014, Dr. Akanno issued a comprehensive accommodation chrono for Plaintiff to have "ortho.shoes orthotics" on a permanent basis. (*Id.*, pp. 18, 19.) Plaintiff's evidence also reveals that on March 21, 2014, Dr. Akanno modified the chrono for Plaintiff to have "ortho.shoes orthotics" on a temporary basis— through August 20, 2014. (*Id.*, p. 20.) Plaintiff does not submit any evidence to show that any other chrono was in effect for him to wear orthopedic shoes, or anything other than state issued footwear on September 30, 2014.

Although Plaintiff contends that "Defendants Morales, Jose, and Sandoval had been shown a (ADA) accommodation," (*id.*, p. 3), he fails to submit evidence showing that he had a chrono for orthotic shoes on September 30, 2014—let alone evidence to support a finding that these three defendants had seen and disregarded it. Correctional staff may be deliberately indifferent when they fail to allow medical appliances for which an inmate has a medical chrono, but not, as here, where a medical chrono is no longer in effect. *See e.g. Maciel v. Rowland*, No. 97-16232, 145 F.3d 1339 (9th Cir. 1998) (correctional officials not deliberately indifferent when assigned inmate to a job that was not prohibited by the inmate's medical chrono).

### 2. Plaintiff Has Not Shown That His New Balance Shoes Qualified as Authorized Medical Appliances

Even if Plaintiff had a valid chrono for orthotic shoes in effect on September 30, 2014, he fails to show that his New Balance shoes qualified as authorized medical appliances to wear on the patio. Plaintiff points to section 52020.7.1 of the Department of Corrections and Rehabilitation Operations Manual ("DOM") which states "[t]he only exception to state issue shoes on the facility patio are shoes considered to be medical appliances." (Doc. 38, p. 23.) Plaintiff contends he

bought the New Balance shoes he was wearing on that date from an authorized orthopedic vendor instead of more expensive orthotic shoes. (Doc. 38, pp. 1-2, 4.) Because he purchased his New Balance shoes from an authorized vendor, Plaintiff contends they qualified as approved medical appliances which he was allowed to wear on the patio in accordance with section 52020.7.1. (*Id.*) Plaintiff, however, fails to submit evidence to show that his New Balance shoes qualified as "medical appliances." The only evidence Plaintiff submits to show his purchase of orthopedic shoes and inserts is dated December 15, 2016—more than two years after the events at issue in this action. (*Id.*, p. 24.) The receipt also reflects a purchase of "orthopedic shoes and custom orthotics," not New Balance or any other brand name tennis shoes similar to those Plaintiff was wearing on the date in question. (*Id.*) Nor does Plaintiff submit any evidence that any physician ordered him to wear New Balance shoes for his foot condition, let alone issued a chrono for such shoes. Thus, even if Plaintiff had a medical chrono for orthopedic shoes in effect on September 30, 2014, there is no evidence to find that the New Balance shoes Morales removed from Plaintiff's feet on that day qualified as authorized medical appliances under section 52020.7.1 of the DOM as Plaintiff contends.

### 3. **Plaintiff Fails to Show Defendants Caused Harm**

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury). The needless suffering of pain may, in some circumstances, be sufficient to demonstrate further harm, *Wilhelm*, 680 F.3d at 1122; *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir.2002) (on a claim of prolonged exposure to pepper-spray fumes found "a serious medical need is present whenever the 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain," ' " (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting *Estelle*, 429 U.S. at 104)).

Even if Plaintiff had a valid chrono for orthopedic shoes and his New Balance shoes qualified as authorized medical appliances of which Morales, Jose, and Sandoval were aware and

12

ignored, Plaintiff fails to submit evidence to show their acts caused him harm. These three Defendants confiscated Plaintiff's New Balance shoes on September 30, 2014. Defendants' evidence, which Plaintiff does not dispute, shows that Dr. Patel issued Plaintiff a new chrono for orthotic insoles on October 2, 2014. (DUF 21.) Plaintiff contends he complained "via a 602 appeal" of pain from being without his New Balance shoes between September 30, 2014, and October 2, 2014, (Doc. 38, p. 10), but fails to submit any evidence to support this contention.

Plaintiff also contends that even though Dr. Patel issued a chrono on October 2, 2014, for Plaintiff to have orthotic insoles, Plaintiff did not receive the insoles until nine months later when he was transferred to another facility on a different issue. (Doc. 38, pp. 2, 4, 9-11.) Plaintiff, however, fails to show that any of the Defendants knew or were aware that, despite Dr. Patel's October 2, 2014 chrono, Plaintiff did not receive insoles for nine months. Likewise, Plaintiff fails to submit any evidence to show that any of the Defendants were responsible for, caused, or could have taken steps to prevent that delay. As Defendants correctly note, this Court has also found in prior cases that limited access to shoe inserts and shoes for months is insufficient to defeat summary judgment. (Doc. 32-2, pp. 6-7. (citing *Washington v. Fannon*, 2007 WL 1725653 at *10 (E.D. Cal. 2007) (granting summary judgment on deliberate indifference claim despite plaintiff having limited access to shoes and inserts for months)).)

Plaintiff also contend that Dr. Patel's October 2, 2014 chrono for Plaintiff to receive state issue canvas shoes with Spenco orthotic insoles bilaterally were insufficient for Plaintiff's medical condition. (Doc. 38, pp. 2, 4, 8, 9.) As a matter of law, such differences of opinion between a prisoner and his doctors fail to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Allison v. Prison Health Services, Inc.*, 2009 WL 205228, at *8 (D. Idaho Jan. 28, 2009) (finding that Plaintiff's assertion that a different orthotic device would provide better treatment was insufficient to support an Eighth Amendment claim); *see also Diaz v. Vasquez*, No. 1:12-CV-00732-GBC PC, 2012 WL 5471803, at *2 (E.D. Cal. Nov. 9, 2012) (finding transfer prison's invalidation of inmate's previous medical chrono for soft-soled shoes failed to state an Eighth Amendment claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A). Mere disagreement with a defendant's professional judgment concerning what medical

care is most appropriate under the circumstances does not show deliberate indifference under the Eighth Amendment. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted); *see also Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Further, the Court cannot find that the Spenco orthotics ordered by Dr. Patel were deficient in light of the fact that they are the orthotics ordered by the podiatrist for Plaintiff in February of that same year.

Since Plaintiff fails to show that Dr. Patel was deliberately indifferent to his serious medical needs, he similarly cannot show that Dr. Dileo was deliberately indifferent for denying Plaintiff's medical appeal on the issue. A plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates," *Starr v. Baca,* 652 F.3d 1202, 1207 (2011), which may be shown via the inmate appeals process where the supervisor reviewed an applicable inmate appeal and failed to take corrective action, allowing the violation to continue. However, any such liability against Dr. Dileo is necessarily premised on a showing that Dr. Patel violated Plaintiff's constitutional rights—which Plaintiff does not establish. Plaintiff also contends that by giving Plaintiff the chrono for state issued shoes with orthotic insoles, Dr. Patel and Dr. Dileo followed directions from custody staff rather than order the type of shoes that Plaintiff medically required. (Doc. 38, p. 2.) However, Plaintiff cites no evidence to support this argument and the Court finds none.

Finally, Plaintiff contends he was on his way to an "emergency medical appointment" to see the doctor for his heart condition when Morales confiscated his New Balance shoes and that this confrontation caused Plaintiff to suffer severe "chest pains on the verge of a heart attack." (Doc. 38, pp. 3, 6, 7.) Plaintiff contends he believed he was suffering a heart attack while Morales "wrestled" the shoes off Plaintiff's feet with Jose and Sandoval watching. (*Id.*) Plaintiff contends he is visibly elderly and that all three of these Defendants know that he never should have "been subjected to that kind of treatment just to attend a medical appointment for his heart condition. (*Id.*, pp. 7-8.) Plaintiff, however, provides no evidence to support such broad generalizations.

Finally, part of the basis for allowing Plaintiff to proceed in this action was his allegation that

he was found guilty of delaying an officer and fabricating chest pains even though it was stipulated at the disciplinary hearing "that the medical doctor would have testified that Plaintiff suffered from a heart attack." (Doc. 1, p. 10.) However, none of Plaintiff's evidence shows that he suffered from a heart attack during or after the confrontation with Morales, nor does Plaintiff submit any evidence to show that he was on his way to an emergency medical appointment when Morales confiscated his New balance shoes. On the contrary, Defendants' evidence reveals that there are no records corroborating Plaintiff's allegations of suffering a heart attack on that day and his vitals were not indicative of someone under acute stress. (DUF #19.) Plaintiff's own evidence also fails to support his position as reflected in the medical report from that day:

> Inmate was stopped due to not authorized shoes (new balance shoes) not wearing orthotic shoes. Inmate decided to MEN DOWN and was complaining acute chest pain. Inmate was evaluated at clinic but initially refused vitals, refused EKG, refused to go to TTA for further evaluation. In addition, inmate refused to see M.D. in the clinic. When I asked him I like to examine your feet, inmate stated that "you can look specialist's (podiatrist) exam." Basically inmate refused to evaluate his feet. In addition, inmate stated that I will put your name in lawsuit. Basically inmate was manipulating and malingering regarding his shoes and created a man down situation . . .

(Doc. 38, p. 44.) While neither party disputes that Plaintiff was on his way to a medical appointment when the events at issue in this case occurred, there is no evidence to support a finding that Plaintiff was on his way to an "emergency medical appointment," as Plaintiff now contends. Instead, Plaintiff's evidence shows that his appointment on September 30, 2014, was to see Dr. Patel regarding Plaintiff's shoes.[3] (Doc. 38, p. 22.) Accordingly, Plaintiff fails to show he was having a cardiac event to which Morales, Jose, and Sandoval were allegedly deliberately indifferent when Jose and Sandoval allegedly watched Morales confiscate Plaintiff's New Balance shoes from his feet.

Plaintiff thus fails to show that any of the Defendants were deliberately indifferent to Plaintiff's serious medical needs. *Estelle*, 429 U.S. at 104. As such, Defendants are entitled to summary judgment as Plaintiff fails to demonstrate "the existence of genuine issues for trial." *In*

---

[3] In this document, Plaintiff writes to Dr. Patel and notes that "the prison guard that you discuss my medical condition with been obstructing me from my medical and dental appointments. I request that you call me in for an appointment." (Doc. 38, p. 22.) However, Plaintiff provides neither evidence to show, nor argues that any of the Defendants named in this action were obstructing Plaintiff's access to his appointments.

15

*re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). Defendants' request for qualified immunity need not be reached since they are entitled to summary judgment on the merits of Plaintiff's claim.

**RECOMMENDATION**

Based on the foregoing, this Court finds that Defendants have met their burden and their motion for summary judgment should be granted.

Accordingly, the Court **RECOMMENDS** the Motion for Summary Judgment, filed on May 22, 2018, (Doc. 32), by Defendants Officer Morales, Sergeant Jose, Lieutenant Sandoval, Dr. Patel, and Dr. Delio be **GRANTED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 3, 2019**__                    __/s/ *Sheila K. Oberto*__
                                                                        UNITED STATES MAGISTRATE JUDGE

16